```
     J2c1vicc

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4             v.                              18 Cr. 530 (LGS)

5    NAZEER VICKERS,

6                   Defendant.                Conference

7    ------------------------------x

8                                             New York, N.Y.
                                              February 12, 2019
9                                             11:35 a.m.

10
     Before:
11
                     HON. LORNA G. SCHOFIELD,
12
                                              District Judge
13

14                            APPEARANCES

15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     BY:  MARY E. BRACEWELL
17        Assistant United States Attorney

18   FEDERAL DEFENDERS OF NEW YORK INC.
          Attorneys for Defendant
19   BY:  CHRISTOPHER A. FLOOD, ESQ.

20

21

22

23

24

25
```

1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your name for
3     the record.
4              MS. BRACEWELL:  Good morning, your Honor.  Mollie
5     Bracewell for the government.
6              THE COURT:  Good morning.
7              MR. FLOOD:  Your Honor, good morning.  Christopher
8     Flood, Federal Defenders of New York.  I'm here with Mr. Nazeer
9     Vickers.
10             THE COURT:  Okay.  Good morning.
11             Good morning, Mr. Vickers.
12             THE DEFENDANT:  Good morning.
13             THE COURT:  So we are here for a conference.  Could I
14    have a report from the government, please.
15             MS. BRACEWELL:  Yes, your Honor.  We've produced
16    additional discovery earlier this week, which consisted of the
17    contents of certain phones belonging to Mr. Vickers that the
18    FBI was recently able to get into.  We've produced those
19    materials, and I understand that defense counsel needs
20    additional time to review them.  There may have also been a
21    miscommunication about the pickup of production, but we will
22    put it in their hands by the end of the day.
23             In addition, we are actively engaged in plea
24    discussions, so there's the possibility of a pretrial
25    disposition.

1      THE COURT:  Okay.  Thank you.

2      Let me hear from the defendant.  What do you propose
3 today about all of this material from the phones?

4      MR. FLOOD:  Yes, your Honor.  It's true, we have not
5 actually obtained the discovery production yet, but it appears
6 to be somewhat voluminous.  So what I'm asking the Court for is
7 about a 45-day range, at which point we can either return for a
8 conference or report to the Court by letter.  Of course during
9 that time we'll be trying to see if we can't reach an agreement
10 as to the ultimate outcome, and if not, we would come back,
11 either by letter or, again, at a conference, and be setting any
12 motion schedule, because there are potentially some Fourth
13 Amendment issues lurking here.

14      THE COURT:  So that means quite a long extension,
15 because first you need to review the documents and then perhaps
16 file motions, but why don't we do this.  Why don't we have both
17 a letter and a conference.  We can always cancel the conference
18 if we don't need it, and you can make your speedy trial request
19 in the letter and request the conference be canceled if you
20 think that's appropriate.

21      On the other hand, if we're setting a trial date, what
22 I would do, probably just because it's easier, is have a
23 conference and set the trial date at the conference.

24      So why don't I ask for your status letter by -- could
25 I have it by March 19th, a little over a month?

1              MR. FLOOD:  That's fine.
2              THE COURT:  Okay.  So let's do March 19th, and then
3    we'll have the conference a week later, March 26th, let's say
4    at 11.
5              MR. FLOOD:  That's fine.  Your Honor, if I could --
6              THE COURT:  And is there anything else we need to deal
7    with?
8              MR. FLOOD:  Just one clarification.
9              THE COURT:  Yes.
10             MR. FLOOD:  I assume the letter is a joint letter from
11   the parties; that's what the Court's seeking.
12             THE COURT:  Yes.  A joint letter, first of all, where
13   the defense is as far as review of documents and thoughts about
14   filing motions, and any suggestions about how we should
15   proceed, by conference or anything else.  If you're close to
16   perhaps a disposition in your settlement discussions, you might
17   ask to do it on the conference date or sometime before or after
18   that, whatever is happening.  Okay?
19             MR. FLOOD:  Understood.  Thank you.
20             THE COURT:  All right.
21             MS. BRACEWELL:  Your Honor, the government would move
22   to exclude time until March 26th so that the defense has
23   additional time to review discovery and consider any possible
24   motions they might like to bring.
25             THE COURT:  Any objection?

J2c1vicc

1          MR. FLOOD:  No, your Honor.
2          THE COURT:  So hearing no objection, I'll exclude the
3   time between now and March 26th to permit the completion of
4   discovery, the possible filing of motions, discussion of a
5   possible disposition.  I find that the ends of justice served
6   by excluding the time between now and March 26th outweigh the
7   best interests of the public and the defendant in a speedy
8   trial under 18 U.S.C. Section 3161(h)(7)(A).
9          Thank you.  We're adjourned.
10         MR. FLOOD:  Thank you, your Honor.
11         THE DEPUTY CLERK:  All rise.
12                              o0o