JAHAVICPps

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                     (S2) 18-cr-530 (LGS) (SDA)

NAZEER VICKERS,

             Defendant.         Plea

------------------------------x

                                    New York, N.Y.
                                    October 17, 2019
                                    2:25 p.m.

Before:

                HON. STEWART D. AARON

                                Magistrate Judge

                     APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
BY:  PETER DAVIS, ESQ.
    Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK INC.
    Attorneys for Defendant
BY:  CHRISTOPHER FLOOD, ESQ.

JAHAVICPps

1        (Case called)
2        THE CLERK:  Counsel please state your appearance for
3   the record.
4        MR. DAVIS:  Good afternoon, your Honor.  Peter Davis
5   for the government.
6        THE COURT:  Good afternoon.
7        MR. FLOOD:  Your Honor, good afternoon.  Christopher
8   Flood, Federal Defenders of New York on behalf of Nazeer
9   Vickers, who is present at counsel table.
10       Thank you, your Honor, for accommodating, or
11  rescheduling, this plea.
12       THE COURT:  No problem.  Good afternoon.
13       Mr. Vickers, I am Magistrate Judge Aaron.  I
14  understand we're here because it's your intention to enter a
15  plea of guilty to the information?
16       THE DEFENDANT:  Yes.
17       THE COURT:  So, the first order of business that I
18  have is the need to go over this waiver of indictment form that
19  you signed.  The document that contains the charges against you
20  is called an information that was issued by the United States
21  Attorney.  Under the United States Constitution you have the
22  right to be charged by a document called an indictment, which
23  is issued by a grand jury, instead of information like the one
24  we have before you.  If you give up your right to have the
25  charges against you presented to the grand jury, the case would

1   proceed against you based upon the United States Attorney's
2   Office just as if you had been indicted.  Do you understand
3   that?
4            THE DEFENDANT:  Yes.
5            THE COURT:  So I have a copy of this waiver of
6   indictment form.  Am I correct that you signed it?
7            THE DEFENDANT:  Yes.
8            THE COURT:  And did you review this form with your
9   attorney before you signed it?
10           THE DEFENDANT:  Yes.
11           THE COURT:  And do you understand that by signing the
12  form you're giving up your right to have your case presented to
13  a grand jury and you're agreeing to have the charges be filed
14  by the United States Attorney instead?
15           THE DEFENDANT:  Yes.
16           THE COURT:  And have you discussed with your attorney
17  the advantages and disadvantages of waiving indictment?
18           THE DEFENDANT:  Yes.
19           THE COURT:  And have any threats or promises been made
20  to get you to waive indictment?
21           THE DEFENDANT:  No.
22           THE COURT:  Do you wish to give up your right to be
23  charged by a grand jury?
24           THE DEFENDANT:  Yes.
25           THE COURT:  All right.  The next document I would like

1  to go over with you, or will go over with you, is the document
2  entitled "Consent to Proceed Before a United States Magistrate
3  Judge."  Am I correct that you signed this document?
4           THE DEFENDANT:  Yes.
5           THE COURT:  The form says that you know you have the
6  right to have your plea taken by a United States district judge
7  but are agreeing to have the plea taken by me, a magistrate
8  judge.  As a magistrate judge, I have the authority to take
9  your plea, with your consent, and you will still be entitled to
10 all the same rights and protections as if you were before a
11 district judge.  Among other things, if you are found guilty
12 you will be sentenced by a district judge.
13          Did you sign this consent form voluntarily?
14          THE DEFENDANT:  Yes.
15          THE COURT:  And before you signed it, did your lawyer
16 explain it to you?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Do you wish to proceed with your plea
19 before me?
20          THE DEFENDANT:  Yes.
21          THE COURT:  All right.  So I'm going to accept your
22 consent form, and I'm signing my name at the bottom to reflect
23 that.
24          All right.  Now I'll ask my deputy to please swear in
25 the defendant.

1              (Defendant sworn)
2              THE COURT:  All right.  Mr. Vickers, the purpose of
3    this proceeding is to make sure you understand your rights, to
4    decide whether you are pleading guilty of your own free will,
5    and to make sure you are pleading guilty because you are guilty
6    and not for some other reason.  Do you understand?
7              THE DEFENDANT:  Yes.
8              THE COURT:  I'm now going to ask you certain
9    questions.  It's very important you answer these questions
10   honestly and completely.  If you don't understand any of the
11   questions or if you want time to consult with your attorney,
12   please say so, because it is important that you understand
13   every question before you answer.
14             What is your full name?
15             THE DEFENDANT:  Nazeer Vickers.
16             THE COURT:  And how old are you?
17             THE DEFENDANT:  36.
18             THE COURT:  Can you read and write in English?
19             THE DEFENDANT:  Yes.
20             THE COURT:  What was the highest grade in school that
21   you completed?
22             THE DEFENDANT:  Tenth.
23             THE COURT:  Are you currently or have you recently
24   been under the care of a doctor or a mental health professional
25   for any reason?

|   |   |
|---|---|
| 1 | THE DEFENDANT:  No. |
| 2 | THE COURT:  Are you under the influence of any drug or |
| 3 | alcohol today? |
| 4 | THE DEFENDANT:  No. |
| 5 | THE COURT:  How are you feeling physically today? |
| 6 | THE DEFENDANT:  I'm good. |
| 7 | THE COURT:  All right.  And have you had sufficient |
| 8 | time to discuss the charges against you in your plea with your |
| 9 | attorney, Mr. Flood? |
| 10 | THE DEFENDANT:  Yes. |
| 11 | THE COURT:  Have you been satisfied with the advice |
| 12 | and counsel that Mr. Flood has provided to you? |
| 13 | THE DEFENDANT:  Yes. |
| 14 | THE COURT:  And are you ready to enter a plea today? |
| 15 | THE DEFENDANT:  Yes. |
| 16 | THE COURT:  All right.  Does either counsel have any |
| 17 | objections to the defendant's competence to plead at this time? |
| 18 | MR. DAVIS:  No, your Honor. |
| 19 | MR. FLOOD:  No, your Honor. |
| 20 | THE COURT:  All right.  So, Mr. Vickers, in order to |
| 21 | determine whether your plea is voluntary and made with a full |
| 22 | understanding of the charges against you and the consequences |
| 23 | of your plea, I'm going to make certain statements to you and |
| 24 | I'm going to ask you certain questions.  I want you to |
| 25 | understand that I need not accept your plea unless I am |

1  satisfied that you are in fact guilty and that you fully
2  understand your rights.
3           So your plea agreement states that you're going to
4  plead guilty, or that you are pleading guilty, to Count One of
5  the superseding indictment.  Count One charges you with
6  conspiracy to engage in sex trafficking in violation of Title
7  18 United States Code § 1594(c), which carries a maximum term
8  of imprisonment of life; a mandatory minimum term of supervised
9  release of five years; a maximum term of supervised release of
10 life; a maximum fine pursuant to Title 18 United States Code
11 § 3571 of the greatest of $250,000, twice the gross pecuniary
12 gain derived from the offense, or twice the gross pecuniary
13 loss to persons other than yourself resulting from the offense;
14 a $100 mandatory special assessment, and an additional special
15 assessment for any non-indigent defendant of $5,000 pursuant to
16 Title 18 United States Code § 3014.
17          In addition to the foregoing, the court must order
18 restitution as specified later in the agreement, in the plea
19 agreement.
20          Do you understand that this is the crime to which you
21 are pleading and the maximum and minimum penalties applicable
22 to that crime?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Now, "supervised release" means that you
25 will be supervised for a period of time after your release from

Case 1:18-cr-00530-LGS   Document 42   Filed 10/22/19   Page 8 of 20         8
JAHAVICPps

1   prison.  There will be conditions which you must obey.  If you
2   don't, you can be sent to prison without a jury trial.  Do you
3   understand that?
4             THE DEFENDANT:  Yes.
5             THE COURT:  And I am required by law to tell you that
6   there is a special assessment, or fine, of $100 required to be
7   imposed that I mentioned earlier.
8             Do you also understand that it is part of your plea
9   agreement to admit the forfeiture allegation with respect to
10  Count One of the information?
11            THE DEFENDANT:  Yes.
12            THE COURT:  And you have agreed to forfeit to the
13  United States, pursuant to Title 18 United States Code §§
14  981(a)(1)(C) and 1594(d) and Title 28 United States Code §
15  2461, a sum of money representing proceeds traceable to the
16  commission of your offense.  Do you understand that?
17            THE DEFENDANT:  Yes.
18            THE COURT:  And you also have agreed to pay
19  restitution in an amount to be determined by the court.  Do you
20  understand that?
21            THE DEFENDANT:  Yes.
22            THE COURT:  And do you understand that your obligation
23  to make such restitution shall be a condition of probation or
24  of supervised release?
25            THE DEFENDANT:  Yes.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1            THE COURT:  Mr. Vickers, what country are you a
2   citizen of?
3            THE DEFENDANT:  United States.
4            THE COURT:  You should know that if you were not a
5   citizen of the United States, then your guilty plea and
6   conviction make it very likely that your deportation from the
7   United States is presumptively mandatory and that, at a
8   minimum, you are at risk of being deported or suffering other
9   adverse immigration consequences.  Do you understand?
10           THE DEFENDANT:  Yes.
11           THE COURT:  And, Mr. Vickers, have you discussed the
12  possible immigration consequences of your guilty plea and
13  conviction with defense counsel?
14           THE DEFENDANT:  Yes.
15           THE COURT:  And am I correct you wish to plead guilty
16  regardless of any immigration consequences that may result from
17  your guilty plea and conviction even if those consequences
18  include deportation?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Do you understand the charges against you
21  in the information and the consequences of pleading guilty?
22           THE DEFENDANT:  Yes.
23           THE COURT:  Do you understand that, in exchange for
24  your plea, the United States Attorney's Office has agreed not
25  to criminally prosecute you further for conspiring to commit

1  sex trafficking from June 2017 to August 2017, including of a
2  16-year-old female victim and a 14-year-old female victim, as
3  charged in Count One of the superseding information?
4          THE DEFENDANT:  Yes.
5          THE COURT:  And do you understand that the United
6  States Attorney cannot make any promises to you concerning
7  criminal tax violations?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Do you understand that, in exchange for
10 your plea, your plea agreement does not bar the use of your
11 conduct as a predicate act or as the basis for a sentencing
12 enhancement in a subsequent prosecution?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Do you agree that, with respect to any and
15 all dismissed charges, you are not a prevailing party within
16 the meaning of the Hyde Amendment and you will not fill any
17 claim under that law?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Do you understand that you have the right
20 to plead not guilty and the right to a trial on the charges
21 against you and in fact a trial by jury?
22         THE DEFENDANT:  Yes.
23         THE COURT:  All right.  I am now going to ask the
24 assistant United States attorney to state the elements of the
25 crime charged.  You should know that the elements are the

1    things that the government would have to prove beyond a
2    reasonable doubt if you went to trial.
3            MR. DAVIS:  Yes, your Honor.  The government would
4    prove the following elements beyond a reasonable doubt: the
5    defendant knowingly conspired with others to recruit, entice,
6    harbor, transport, provide, advertise, maintain, patronize,
7    solicit, or obtain a person that was less than 18 years old;
8    second, that the defendant knew that the child was less than 18
9    years old, acted in reckless disregard of the child victim's
10   age, or had a reasonable opportunity to view the child victim;
11   third, that the defendant knew or believed that the person
12   would be caused to engage in a commercial sex act; fourth, that
13   the recruiting, enticing, harboring, transporting, providing,
14   advertising, patronizing, maintaining, soliciting, or obtaining
15   was done in or affecting interstate commerce or within the
16   special maritime and territorial jurisdiction of the United
17   States.
18           And additionally, your Honor, the government would
19   need to establish that venue is proper in the Southern District
20   of New York by a preponderance of the evidence.
21           THE COURT:  Mr. Vickers, do you understand that if you
22   plead not guilty and went to trial, the burden would be on the
23   government to prove each and every element of the crime
24   charged, putting venue aside, which is the location where the
25   court is, each and every element beyond a reasonable doubt in

1  order to convict you?

2  THE DEFENDANT:  Yes.

3  THE COURT:  Do you understand that, at trial, you
4  would have the right to be represented by an attorney at all
5  stages of the proceeding and, if necessary, an attorney would
6  be appointed for you?

7  THE DEFENDANT:  Yes.

8  THE COURT:  Do you understand that at trial you would
9  have the right to confront and cross-examine witnesses against
10  you and the right not to be compelled to incriminate yourself?

11  THE DEFENDANT:  Yes.

12  THE COURT:  Do you understand that at trial you would
13  be presumed innocent until such time, if ever, the government
14  established your guilt by competent evidence to the
15  satisfaction of the trier of fact beyond a reasonable doubt?

16  THE DEFENDANT:  Yes.

17  THE COURT:  Do you understand that at trial you would
18  have the right to testify, and also you would be entitled to
19  compulsory process, in other words, the right to call other
20  witnesses on your behalf?

21  THE DEFENDANT:  Yes.

22  THE COURT:  Do you understand that if your plea is
23  accepted, then there will be no further trial of any kind, so
24  that by pleading guilty you are waiving your right to trial?

25  THE DEFENDANT:  Yes.

1    THE COURT:  And do you understand that any statements
2 you make here today under oath may be used against you in a
3 prosecution for perjury or for making false statements?
4    THE DEFENDANT:  Yes.
5    THE COURT:  Failing to tell the truth in this
6 proceeding is a crime.  Do you understand that?
7    THE DEFENDANT:  Yes.
8    THE COURT:  All right.  So I have before me the
9 original plea agreement that appears to bear your signature.
10 Did you sign this document?
11    THE DEFENDANT:  Yes.
12    THE COURT:  Did you read this document before you
13 signed it?
14    THE DEFENDANT:  Yes.
15    THE COURT:  Did you discuss it with your attorney
16 before you signed it?
17    THE DEFENDANT:  Yes.
18    THE COURT:  Putting the plea agreement to one side,
19 separate and apart from the plea agreement, have any threats or
20 promises been made to you to make you plead guilty?
21    THE DEFENDANT:  No.
22    THE COURT:  Is anyone forcing you to plead guilty?
23    THE DEFENDANT:  No.
24    THE COURT:  Again putting aside the plea agreement,
25 and separate and apart from it, have any understandings or

1   promises been made to you concerning the sentence that you will
2   receive?
3           THE DEFENDANT:  No.
4           THE COURT:  Is your plea voluntary, in other words,
5   being made of your own free will?
6           THE DEFENDANT:  Yes.
7           THE COURT:  All right.  Now I'm going to review
8   certain portions of the plea agreement with you.  The letter
9   states that you and the government have reached agreement
10  regarding the appropriate calculation of your sentence under a
11  part of our law known as the sentencing guidelines and that the
12  stipulated guidelines sentencing range is from 235 to 293
13  months' imprisonment.  Do you understand?
14          THE DEFENDANT:  Yes.
15          THE COURT:  And the agreement also states that you and
16  the government have agreed that the applicable fine range is
17  $35,000 to $350,000.  Do you understand that?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Do you understand that neither the
20  Probation Office nor the Court is bound by the guideline
21  stipulations and that the sentence to be imposed upon you is
22  determined solely by the Court?
23          THE DEFENDANT:  Yes.
24          THE COURT:  In imposing its sentence upon you, the
25  Court is obligated to calculate the applicable sentencing

1    guideline range in determining a sentence range, including
2    other sentencing factors that are set forth in Title 18 United
3    States Code § 3553(a).  Do you understand that?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Do you understand that you have agreed not
6    to file a direct appeal or otherwise challenge your conviction
7    or sentence if you are sentenced within or below the stipulated
8    guideline range?
9            THE DEFENDANT:  Yes.
10           THE COURT:  And you understand that you have also
11   agreed to waive your right to appeal any term of supervised
12   release that is less than or equal to the statutory maximum.
13           THE DEFENDANT:  Yes.
14           THE COURT:  And do you understand you have agreed to
15   waive your right to appeal any fine that is less than or equal
16   to $350,000?
17           THE DEFENDANT:  Yes.
18           THE COURT:  In light of the foregoing, how do you
19   plead?
20           THE DEFENDANT:  I plead guilty.
21           THE COURT:  And are you pleading guilty because you
22   are in fact guilty?
23           THE DEFENDANT:  Yes.
24           THE COURT:  And do you understand that this plea does
25   not bind any prosecuting office other than the United States

Case 1:18-cr-00530-LGS   Document 42   Filed 10/22/19   Page 16 of 20    16
JAHAVICPps

1  Attorney's Office for the Southern District of New York?

2  THE DEFENDANT:  Yes.

3  THE COURT:  Do you understand that, apart from any
4  proffer agreements you may have entered into with the
5  government, the plea agreement takes the place of any prior
6  understanding you may have had with the government and that
7  this plea agreement cannot be modified except in a writing
8  signed by all parties?

9  THE DEFENDANT:  Yes.

10 THE COURT:  Do you understand that if your conviction
11 following your plea of guilty is violated for any reason, then
12 the government is not time barred, and that if the cause of
13 action is not time barred as of the date you signed the
14 agreement, that the government can reinstate its prosecution
15 against you?

16 THE DEFENDANT:  Yes.

17 THE COURT:  Mr. Vickers, did you commit the offense to
18 which you are pleading?

19 THE DEFENDANT:  Yes.

20 THE COURT:  Please tell me in your own words what you
21 did.

22 THE DEFENDANT:  I agreed with another person to
23 financially benefit from women engaging in commercial sex acts
24 made in interstate commerce, including internet.  In connection
25 with this conspiracy, I met two young women in person who I

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  thought were going to engage in commercial sex acts.  I
2  understood that my co-conspirator had recruited these young
3  women from Westchester, New York, and I had a reasonable chance
4  to observe that they were less than 18 years old.
5         I participated in this conspiracy in the summer of
6  2017 in the Southern District of New York and elsewhere.
7         I could not begin to express how sorry I am for this,
8  but I want to let the Court know that I am very, very sorry for
9  this.
10         THE COURT:  At the time you committed these acts, did
11  you know that what you were doing was wrong and against the
12  law?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Does the government have any questions
15  that it would like me to put to Mr. Vickers?
16         MR. DAVIS:  Nothing as to the allocution, your Honor,
17  but just a couple of items.  And forgive me, your Honor, if
18  you've gone over these already.  One right Mr. Vickers would
19  have had he chosen to go to trial would be to subpoena
20  witnesses as well.  If you covered that, your Honor, I
21  apologize.
22         THE COURT:  I did.  You understand you would have the
23  right to subpoena witnesses, right?
24         THE DEFENDANT:  Yes.
25         MR. DAVIS:  And separately, because this is a

1    superseding information, if your Honor would be so kind to
2    confirm he has reviewed the superseding information with his
3    counsel and is satisfied with his counsel's representation as
4    to the superseding information.
5            THE COURT:  Yes.
6            You reviewed the superseding information?
7            THE DEFENDANT:  Yes.
8            THE COURT:  And you're satisfied with your counsel's
9    representation with respect to the superseding information?
10           THE DEFENDANT:  Yes, I am.
11           MR. DAVIS:  And finally, your Honor -- and
12   apologies -- on page 6 to 7 of the plea agreement, there is a
13   paragraph about the Sex Offender Registration and Notification
14   Act.  And so the government would ask that Mr. Vickers be
15   allocuted that he understands and acknowledges that under the
16   Sex Offender Registration and Notification Act, or SORNA, he
17   must register and keep a registration current in each of the
18   following jurisdictions listed in the plea agreement.
19           THE COURT:  In each of the jurisdictions?  I didn't
20   hear what you said.
21           MR. DAVIS:  That are listed in the plea agreement on
22   page 6 and bleeding over to 7.
23           THE COURT:  Mr. Vickers, do you understand that under
24   the Sex Offender Registration and Notification Act, you must
25   register and keep your registration current where you reside,

1   where you're employed, and where you are a student?

2           THE DEFENDANT: Yes.

3           THE COURT: Anything else?

4           MR. DAVIS: No. Thank you, your Honor.

5           THE COURT: What evidence would the government proffer

6   at trial if the defendant weren't pleading guilty?

7           MR. DAVIS: If we were to go to trial, the government

8   would prove the elements that I mentioned earlier by witness

9   and victim testimony, advertisements for commercial sex

10  services, and evidence obtained from the defendant's cellphone

11  searched and seized pursuant to a judicially authorized search

12  warrant.

13          THE COURT: Mr. Vickers, in light of all the

14  foregoing, do you still wish to plead guilty?

15          THE DEFENDANT: Yes.

16          THE COURT: Mr. Flood, do you know of any reason why

17  Mr. Vickers ought not plead guilty?

18          MR. FLOOD: No, sir, I don't.

19          THE COURT: All right. So, Mr. Vickers, the Court is

20  satisfied that you understand the nature of the charges against

21  you and the consequences of your plea. The Court also is

22  satisfied that your plea is being made voluntarily and

23  knowingly and that there is a factual basis for it.

24  Accordingly, I will recommend to the district judge that your

25  plea be accepted.

Case 1:18-cr-00530-LGS   Document 42   Filed 10/22/19   Page 20 of 20    20
JAHAVICPps


1    And let me ask the government, will you order a copy
2    of the transcript and submit it together with any additional
3    paperwork so that the district judge may act on my
4    recommendation?
5    MR. DAVIS:  Yes, your Honor.
6    THE COURT:  And will you deliver the case summary for
7    purposes of presentence report to the Probation Department
8    within 14 days?
9    MR. DAVIS:  Yes, your Honor.
10   THE COURT:  And Mr. Flood, will you be available to be
11   interviewed by the Probation Department with your client within
12   14 days?
13   MR. FLOOD:  Yes, sir.
14   THE COURT:  Has a control date been set for
15   sentencing?
16   MR. DAVIS:  Not yet, your Honor.
17   THE COURT:  All right.  So let's set one January 17th
18   of 2020 will be the control date.
19   Is there anything else from either side?
20   MR. DAVIS:  Nothing from the government, your Honor.
21   MR. FLOOD:  No, your Honor.  Thank you.
22   THE COURT:  All right.  Very well.  This matter is
23   adjourned.
24   MR. FLOOD:  Thank you.
25   (Adjourned)